UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                             Plaintiff,

                  - against -

CALTEC CORP.,

                             Defendant.
------------------------------------------------------------X

Case No. 1:25-2173

**COMPLAINT FOR
DECLARATORY RELIEF**

       Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its undersigned attorneys, for its complaint against defendant Caltec Corp. ("Caltec"), alleges as follows:

<u>**INTRODUCTION**</u>

       1.     This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. Mt. Hawley seeks a declaration concerning the rights and the obligations of the parties under a commercial general liability insurance policy (the "Policy") that it entered into with Caltec, with respect to claims that have been asserted against Caltec in an underlying lawsuit relating to a construction project, captioned *The Regents of the University of California v. Caltec Corp. and Markel Insurance Company*, Case No. CVRI2404031, pending in the Superior Court of the State of California (the "Underlying Action").

       2.     Mt. Hawley is defending Caltec in the Underlying Action pursuant to a reservation of rights. Mt. Hawley contends that it owes no contractual duty to defend or to indemnify Caltec for the claims asserted in the Underlying Action, under the terms and conditions of the Policy. Without waiver of any other contractual provisions and exclusions, as set forth in more detail below, Mt. Hawley contends that several of the Policy's terms, conditions and exclusions apply to preclude any potential for coverage for the Underlying Action. Upon information and belief, Caltec disputes this contention and contends that the claims against it in the Underlying Action are covered under the Policy.

       3.     Accordingly, Mt. Hawley seeks a judgment declaring that no potential for coverage

or actual coverage under the Policy exists for the Underlying Action, and that Mt. Hawley therefore owes no duty to defend or indemnify Caltec from or against liability it may sustain in the Underlying Action.

## THE PARTIES

4.      Mt. Hawley is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois. Mt. Hawley is a citizen of Illinois.

5.      Mt. Hawley transacts certain insurance business in New York State on a non-admitted basis.

6.      Caltec is a corporation organized and existing under the laws of the State of California, with its principal place of business in California. Caltec is a citizen of California.

## JURISDICTION AND VENUE

7.      The Court has original jurisdiction over the present action under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. The insurance policy at issue provides applicable limits of up to $1 million per occurrence. Upon information and belief, the claimant in the Underlying Action is seeking monetary damages well in excess of the jurisdictional threshold.

8.      Caltec is subject to personal jurisdiction in New York pursuant to New York General Obligations Law section 5-1402.

9.      Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(3).

## THE MT. HAWLEY POLICY

10.      At issue in this action is the Policy, which is a Commercial General Liability Policy issued by Mt. Hawley to Caltec bearing policy number MGL0196031, covering the period from May 13, 2022 to May 13, 2023, and with policy limits of $1 million per occurrence, $2 million general aggregate, and $2 million products/completed operations aggregate. A certified copy of

2

the Policy is attached hereto as **<u>Exhibit 1</u>**.

      11.    The Policy is subject to the Service of Suit and Conditions Endorsement, which

states in relevant part as follows:

**SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**

**Conditions**

    1. This Policy is amended to add the following Conditions:

> **AA.**    **Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

> **BB.**    **Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)..

(Ex. 1, RIL 099 [12/21], Service of Suit and Conditions Endorsement, Conditions, ¶1, emph. in

original.)

      12.    Within the Insuring Agreement for "Coverage A – Bodily Injury and Property

Damage Liability," Mt. Hawley agreed to "pay those sums that the insured becomes legally

obligated to pay as damages because of … 'property damage' to which this insurance applies. We

will have the right and duty to defend the insured against any 'suit' seeking those damages.

However, we will have no duty to defend the insured against any 'suit' seeking damages for …

3

'property damage' to which this insurance does not apply." The insurance applies to "property damage" only if "caused by an 'occurrence'" and if the damage "occurs during the policy period." "Property damage" is a defined term, meaning: "Physical injury to tangible property, including all resulting loss of use of that property" or "Loss of use of tangible property that is not physically injured." "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

13.    The Policy's Coverage A is subject to the following exclusions that are relevant to Caltec's work on the Project:

**1.    Exclusions**

This insurance does not apply to:

*          *          *

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
**(1)** That the insured would have in the absence of the contract or agreement; or
**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

   **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
   **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*          *          *

**j. Damage To Property**
   "Property damage" to:
*          *          *

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on our behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\*        \*        \*

**n. Recall Of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

(Ex. 1, Cov. A, §2 - Exclusions.)

14.    The Policy contains the following relevant definitions:

**SECTION V - DEFINITIONS**

\*        \*        \*

5

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot
be used or is less useful because:
**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
**b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:
**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**22.** "Your work":
**a.** Means:
    **(1)** Work or operations performed by you or on your behalf; and
    **(2)** Materials, parts or equipment furnished in connection with such work or operations.
**b.** Includes:
    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
    **(2)** The providing of or failure to provide warnings or instructions.

(Ex. 1, §V - Definitions.)

15.    The Policy also contains the following exclusion:

## BREACH OF CONTRACT EXCLUSION

This insurance does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the following:

**(a)** Breach of express or implied contract;
**(b)** Breach of express or implied warranty;
**(c)** Fraud or misrepresentation regarding the formation, terms or performance of a contract; or
**(d)** Libel, slander or defamation arising out of or within the contractual relationship.

(Ex. 1, end't CGL365 [10/15].)

16.    The Policy also contains the following exclusion:

**MOLD, MILDEW, FUNGUS OR BACTERIA EXCLUSION**

In consideration of the premium for which this policy is issued, this insurance does not apply to, and we are not obligated to defend, any loss, demand, claim, cost, expense, "suit," "bodily injury," "property damage," "personal and advertising injury," medical payments, liability or other proceeding that in any way, in whole or in part, arises out of, relates to, or results from mold, mildew, fungus or bacteria.

As used in this exclusion, mold, mildew, fungus or bacteria include:

**(1)** The actual, alleged or threatened exposure to, consumption, ingestion of, inhalation of, contact with, absorption of, existence of, or presence of, mold, mildew, fungus or bacteria in any manner or form whatsoever, including without limitation mold, mildew, fungus, bacteria, yeast, spores, microbes, mycotoxins, endotoxins, or other pathogens, as well as any odors, particulates or by-products of any of the foregoing, either directly or indirectly;
**(2)** The actual or alleged failure to warn, advise or instruct regarding mold, mildew, fungus or bacteria in any manner or form whatsoever; or
**(3)** The actual or alleged failure to prevent exposure to mold, mildew, fungus or bacteria in any manner or form whatsoever.

This exclusion applies regardless of whether any other cause, event, material, product or condition, including but not limited to water damage or water intrusion, contributed concurrently or in any sequence to such loss, demand, claim, cost, expense, "suit," "bodily injury," "property damage," "personal and advertising injury," medical payments or liability.

This exclusion includes but is not limited to compliance with any request, demand, order, or statutory or regulatory requirement, or any action authorized or required by law, or any loss, cost or expense arising out of or relating to the investigation of, abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, loss of use, diminution in value, loss of market value, or in any way responding to, or assessing the effects of mold, mildew, fungus or bacteria, as well as any costs, fees, expenses, penalties, judgments, fines, or sanctions arising from or relating thereto.

(Ex. 1, end't CGL481 [04/17].)

17.     The Policy also contains the following endorsement:

### CONDITIONAL EXCLUSION – ROOFING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to **COVERAGE A (SECTION I):**
This insurance does not apply to "property damage" arising out of "roofing operations" unless the following conditions are met:

**1. You have taken "appropriate" steps to determine any approaching adverse weather;**

**2.** You have taken "appropriate" steps to provide a temporary cover for an "open roof," able to withstand normal elements and abnormal, but expected elements; and

**3.** An "appropriate" cover must be put in place if the roof is to be left unattended for more than four hours.
The following additional definitions apply:

"Roofing operations" means any work performed by you or on your behalf that in any way affects the ability of the roof to prevent water from entering the structure.

"Appropriate" means conduct or action customarily taken or used by contractors who perform "roofing operations."

"Open roof" means any roof or section where the protective covering (shingles, tar, felt paper, roofing systems, etc.) has been removed leaving exposed the underlying materials, structures, shell or structure interior.

(Ex. 1, end't CGL333 [02/08].)

## FACTS

**The Underlying Action**

18.     On July 15, 2024, The Regents filed a complaint against Caltec and Markel Insurance Company ("Markel") in the Underlying Action for claims titled as: (1) Breach of Contract, (2) Negligence, (3) Express Indemnity, and (4) Recovery of Performance Bond.

19.     A true and correct copy of the Complaint in the Underlying Action is attached

hereto as **Exhibit 2**.

20.     The Underlying Action arises out of a construction project (the "Project") at the University of California, Riverside, which Project was "commonly referred to as the Spieth Hall Roof Replacement and Mechanical Upgrades, Project No. 950499." (Ex. 2, ¶6.)

21.     The Underlying Action involves water infiltration damages that allegedly occurred at the time of an initial rain storm on or about November 8, 2022 ("Incident 1"), and a second rain storm occurring on January 10, 2023 ("Incident 2" and collectively, the "Incidents").

22.     In the Complaint, The Regents alleges that it had a June 8, 2022 contract with Caltec "pursuant to which Caltec agreed to furnish labor, services, equipment, and materials for construction of the Project…" (Ex. 2, ¶8.)

23.     The Complaint in the Underlying Action alleges that Caltec breached its contract by "failing to adequately protect the Property and the work in place on the Project, as required under the Prime Contract." (Ex. 2, ¶13.)

24.     The Complaint in the Underlying Action further alleges that Caltec "further breached the Prime Contract by failing to correct, repair, replace, and/or restore defective work and property damage that Caltec caused to occur, and further, by failing to reimburse The Regents for the costs it incurred as a result of the aforementioned breaches by Caltec…." (Ex. 2, ¶14.)

**Caltec's Notice of Claim and Mt. Hawley's Response**

25.     Caltec notified Mt. Hawley of the Incident on or about January 11, 2023.

26.     Mt. Hawley promptly undertook to investigate the claim. By letter dated February 28, 2023, Mt. Hawley reserved its right to disclaim coverage. A true and correct copy of Mt. Hawley's letter is attached hereto as **Exhibit 3**.

27.     By letter dated March 28, 2023, Mt. Hawley further reserved its right to disclaim coverage based on its ongoing investigation. A true and correct copy of Mt. Hawley's letter is attached hereto as **Exhibit 4**.

28.    The Complaint in the Underlying Action was filed on or about July 15, 2024.

29.    By letter dated October 8, 2024, Mt. Hawley agreed to defend Caltec in the Underlying Action pursuant to a complete reservation of rights. A true and correct copy of Mt. Hawley's letter is attached hereto as **Exhibit 5**.

30.     In its letter, Mt. Hawley notified Caltec that it "reserves the right to bring an action in an appropriate state or federal court of competent jurisdiction and venue in order to limit, obtain a declaration, or interplead, to enforce the limitations mentioned herein and declare the obligations and responsibilities of the parties hereto under the contract of insurance."

31.    Notwithstanding Mt. Hawley's defense of Caltec in the Underlying Action, that action is, in fact, not covered or potentially covered under the Policy. Specifically, and without limitation:

      a.   Faulty construction work by the general contractor damaging the very project he is working on is not an "occurrence" causing "property damage" under the CGL policy and settled New York law, even if the work was performed by a subcontractor;

      b.   The Breach of Contract Exclusion endorsement bars coverage;

      c.   The Conditional Exclusion – Roofing Operations endorsement bars coverage;

      d.   The Mold, Mildew, Fungus or Bacteria Exclusion endorsement bars coverage;

      e.   The business risk exclusions, individually and collectively, operate to bar or limit coverage, including exclusions b (contractual liability), j(1)

(own property), j(5) & j(6) (work in progress), m (impaired property), n

(repair or replacement of your work).

32.    In light of the foregoing, Mt. Hawley contends that it has no duty to defend or indemnify Caltec for the Underlying Action. Caltec disagrees and disputes the contention. Thus, there exists a present, justiciable controversy, regarding the parties' rights and obligations under the Policy and applicable law, warranting declaratory relief.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaration of No Coverage)**

33.    Mt. Hawley reiterates and incorporates the foregoing paragraphs as though fully set forth herein.

34.    For each of the reasons identified above, identified in Mt. Hawley's reservation of rights letter, and as summarized in paragraph no. 28, there is no potential for coverage under the Policy for the claims in the Underlying Action as the claims are not within the Policy's Insuring Agreements and/or the claims are excluded from coverage.

35.    Mt. Hawley contends that by virtue of the foregoing, it has no duty to defend or indemnify Caltec against the Underlying Action and, upon information and belief, Caltec disagrees with and disputes that contention.

36.    There exists a present, justiciable controversy between the parties concerning whether Mt. Hawley owes a duty to defend or indemnify Caltec in the Underlying Action.

37.    Mt. Hawley seeks, and is entitled to, a declaration that it owes no duty to defend or indemnify Caltec or any other putative insured in the Underlying Action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Common Law Damages Claim; Recoupment)**

38.    Mt. Hawley reiterates and incorporates the foregoing paragraphs as though fully set forth herein.

11

39.     The Policy explicitly provides that Mt. Hawley "will have no duty to defend the insured against any 'suit' seeking damages for … 'property damage' to which this insurance does not apply."

40.     The insurance does not apply to the claims in the Underlying Action.

41.     Upon Caltec's tender of the Underlying Action, Mt. Hawley has agreed to defend Caltec, under a full reservation of rights. Among the rights explicitly reserved, Mt. Hawley advised Caltec: "Mt Hawley expressly reserves the right to seek reimbursement from you for any indemnity or expense paid, including defense costs, incurred in connection with any uncovered or excluded claims if it is determined that we had no obligation to pay those amounts. Where applicable, this also includes the right to partial reimbursement for indemnity or expense paid which can be specifically allocated to individual claims within a lawsuit that are ultimately determined to be uncovered or excluded."

42.     Under common law theories of quasi-contract and/or unjust enrichment, Caltec has received a contract benefit to which it was not entitled under the terms of the Policy. Mt. Hawley has reserved its right to seek recoupment of that benefit.

43.     Mt. Hawley has suffered damages in an amount to be proven at trial, reflecting the total amount it has expended and will expend on the defense or indemnity for uncovered claims.

### PRAYER FOR RELIEF

**WHEREFORE**, Mt. Hawley Insurance Company respectfully prays for relief as follows:

a)  On its first cause of action, declaring that Mt. Hawley has no obligation to defend or indemnify Caltec or any other putative insured in connection with any claims in the Underlying Action;

b)  On its second cause of action, for monetary damages in an amount to be proven at trial, plus prejudgment interest thereon at the legal rate; and

c)  Granting such other and further relief as the Court finds just and appropriate,

including attorneys' fees, costs and expenses incurred in this action.

Dated: New York, New York.
        March 17, 2025

**FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.**

By: _/s/ John A. Mattoon_____
Joseph D'Ambrosio
John A. Mattoon
88 Pine Street, 16th Floor
New York, New York 1005-1875
Tel.: (212) 269-4900
jdambrosio@fordmarrin.com
jmattoon@fordmarrin.com

*Attorneys for Plaintiff*
*Mt. Hawley Insurance Company*