UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | |
| Plaintiff, | 25-CV-2173 (RA) |
| v. | ORDER |
| CALTEC CORP., | |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

By Opinion and Order dated March 6, 2026, the Court granted Defendant Caltec Corp.'s motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404. On March 9, 2026, Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") filed a notice of voluntary dismissal. Dkt. 20. The Clerk of Court then closed this case. One day later, Caltec filed a letter arguing that Mt. Hawley's notice of voluntary dismissal "should be deemed ineffective and thereby vacated or disregarded" because it was filed after the Court ordered this case to be transferred. Dkt. 21.

It is true that "following the proper transfer of a case from one district to another pursuant to § 1404(a), the transferor court loses all jurisdiction over the case." *In re Nw. Airlines Corp.*, 2008 WL 4755377, at *3 (S.D.N.Y. Oct. 28, 2008). "A transfer order alone," however, "is generally insufficient to divest the transferor court of jurisdiction; not until the case file has been physically transferred to the transferee district does the transferor court lose jurisdiction." *Id.*; *see, e.g.*, *Fisher v. United Airlines, Inc.*, 218 F. Supp. 223, 224 (S.D.N.Y. 1963); Wright & Miller, 15 Fed. Prac. & Proc. § 3846 (4th ed. 2025) (noting that the transferor court loses jurisdiction when "the papers are lodged with the clerk of the transferee court").

Under Local Civil Rule 83.1, the Clerk of Court must "upon the expiration of seven days" from the entry of a transfer order "effectuate the transfer of the case to the transferee court." Seven days have not yet expired since the Court entered its Opinion and Order, and the Clerk of Court has not yet transferred this case to the Central District of California. The Court thus maintains jurisdiction over this action.

Mt. Hawley's notice of voluntary dismissal, filed on this Court's docket, is, therefore, effective. The Clerk of Court is respectfully directed to no longer transfer this case to the Central District of California, and is, instead, directed to close this case.

SO ORDERED.

Dated:    March 10, 2026
          New York, New York

                                        Ronnie Abrams
                                        United States District Judge